**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHARLES K. HUDSON          )
2244 SE 70th Ave          )
Portland, OR 97215          )
                                   )
             Plaintiff,          )
        v.                        )          CIVIL ACTION NO. _____
                                   )
SALLY JEWELL              )
Secretary of the Interior          )
U.S. Department of the Interior   )
1849 C Street, N.W.           )
Washington, D.C. 20240,      )
                                   )
LAWRENCE S. ROBERTS    )
Acting Assistant Secretary − Indian Affairs   )
U.S. Department of the Interior   )
1849 C Street, N.W.           )
Washington, D.C. 20240,      )
                                   )
UNITED STATES DEPARTMENT OF   )
THE INTERIOR               )
1849 C Street, N.W.           )
Washington, D.C. 20240,      )
                                   )
             Defendants.       )
_____)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**NATURE OF THE ACTION**

1.      Pursuant to 28 U.S.C. §§ 2201 and 2202, plaintiff Charles K. Hudson ("Plaintiff")

seeks declaratory and injunctive relief against the United States Department of the Interior

("Interior" or the "Department"), its Secretary Sally Jewell, ("Secretary"), and its Acting

Assistant Secretary for Indian Affairs, Lawrence S. Roberts ("Assistant Secretary").  Plaintiff

challenges the decision of the Great Plains Regional Director ("Regional Director") of the

Bureau of Indian Affairs ("BIA") to affirm the results of a Secretarial Election ("2016 Secretarial

Election") conducted on July 22, 2016 by Defendants.   Specifically, the Regional Director affirmed the Election despite Defendants' failure to conduct the Election in accordance with the express requirement in the Indian Reorganization Act of 1934, the Defendants' own regulations, and Tribe's Constitution that 30% of eligible voters must participate in any Secretarial Election to amend a Tribal Constitution.

## PARTIES

2.      Plaintiff Charles K. Hudson is an enrolled adult member of the Three Affiliated Tribes of the Fort Berthold Reservation, North Dakota (hereinafter, "the Tribe") and resides in Portland, Oregon, and not on the Fort Berthold Reservation.

3.      Sued in her official capacity, Sally Jewell is Secretary of the United States Department of the Interior.

4.      Sued in his official capacity, Lawrence Roberts is Acting Assistant Secretary for Indian Affairs, United States Department of the Interior.

5.      The United States Department of the Interior is an executive department of the government of the United States of America.

## JURISDICTION

6.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202 because this action presents questions arising under federal law. The United States has waived immunity to this action in the Administrative Procedure Act,  5 U.S.C. §§ 701-706.

## VENUE

7.      Venue is proper in this district under 28 U.S.C. § 1391(e)(1) because the United States Defendants reside and may be found here.

2

**RELATED CASES**

**8.**     This case is factually and legally similar to a case pending before this Court

brought by the same plaintiff against the same defendants for a similar decision.  That case is

*Hudson v. Jewell* et al., No. 1:15-cv-01988 (D.D.C. filed Nov. 12, 2015) (TSC).  Plaintiff

Hudson will file a Motion to Consolidate these cases upon filing this Complaint pursuant to Fed.

R. Civ. P. 42.

**FACTUAL BACKGROUND**

**THE 2013 SECRETARIAL ELECTION**

**9.**     On July 30, 2013, the BIA conducted a Secretarial Election for the Tribe ("2013

Secretarial Election").

**10.**     The subjects of the 2013 Secretarial Election were two Proposed Amendments to

the Tribe's Constitution and Bylaws.

**11.**     The passage of Proposed Amendment 1 would amend the Constitution to modify

the composition of the Tribal Business Council (the Tribe's governing body) by increasing the

number of representatives from each voting district from a single representative to at least two

representatives, based on the population of qualified voters in each voting district, and change

the legal quorum for Council action to two-thirds of the Tribal Business Council.

**12.**     The passage of Proposed Amendment 2 would amend the Constitution to prohibit

felons from serving on the Tribal Business Council and to provide for recall of Tribal Business

Council representatives.

**13**.     On July 31, 2013, Election Board Chairman Timothy LaPointe certified the

election "in accordance with 25 CFR Part 81."  Proposed Amendment 1 passed with 303 votes in

favor (only 3.2 percent of eligible voters).  Proposed Amendment 2 passed with 443 votes in favor (only 4.7 percent of eligible voters).

### HUDSON'S CHALLENGE TO THE 2013 SECRETARIAL ELECTION

14.     Plaintiff Charles Hudson challenged the 2013 Secretarial Election to BIA officials for several deficiencies.  Chief among these deficiencies were (a) the provision of conflicting and confusing information to off-reservation voters and (b) the BIA's failure to conduct the Election in accordance with the requirement in the Indian Reorganization Act of 1934, the Fort Berthold Tribal Constitution and the BIA's own regulations requiring that 30 percent of those eligible to vote actually vote.  Hudson provided documentation of Defendants' rejection of a prior election for failure to meet the 30 percent quorum.

15.     On August 13, 2013, the Fort Berthold Tribal Council passed Resolution 13-122-VJB which formally requested on behalf of the Tribe that the BIA decertify the 2013 Secretarial Election on the basis that the actual number of voters was disproportionate relative to the number of eligible voters, and transmitted the Resolution to Defendants on August 19, 2013.

16.     On September 13, 2013, Regional Director Weldon Loudermilk denied the Tribe's request by letter to the Tribe's Chairman Tex Hall, approved both Proposed Amendments and formally designated them as Amendments to the Tribe's Constitution.

17.     On September 13, 2013, Regional Director Weldon Loudermilk sent Plaintiff a letter rejecting his challenge.

18.     On January 22, 2014, Plaintiff appealed the Regional Director's decision to the Interior Board of Indian Appeals ("IBIA").

19.     On September 15, 2015, the IBIA entered an order dismissing Plaintiff's claims.

20.     On November 12, 2015, Plaintiff filed his challenge to the 2013 Secretarial Election. That challenge is currently pending before this Court. *Hudson v. Jewell* et al., No. 1:15-cv-01988 (D.D.C. filed Nov. 12, 2015) (TSC).

### THE 2016 SECRETARIAL ELECTION

21.     In May of 2016, during the pendency of his court challenge to the 2013 Secretarial Election, Hudson received notice of a new Secretarial Election ("2016 Secretarial Election") to be conducted on behalf of the Tribe.

22.     The issue to be decided by the members voting in the 2016 Secretarial Election was, *inter alia*, whether to decrease the number of Tribal Business Council representatives from thirteen (13) to seven (7) by reducing the number of Council Representatives to one (l) representative for each of the six (6) Reservation Segments.

23.     The 2016 Secretarial Election essentially offered the members the option to reverse the changes ostensibly passed in the 2013 Secretarial Election.

24.     Plaintiff Hudson registered to vote in the 2016 Secretarial Election.

25.     On June 21, 2016, Superintendent Kayla Danks, Fort Berthold Agency, Great Plains Region, Bureau of Indian Affairs, emailed the Tribe the Registered Voters List for the Tribe's website. The Registered Voters List listed the total number of registered voters at 1,673.

26.     Plaintiff Hudson received a voter's packet, completed and returned the ballot contained therein.

27.     There were 10,088 voting age members of the Tribe according to the most recently published census of June 09, 2016.

28.     Pursuant to the Constitution Articles IV and X, any amendment to the Tribe's Constitution at the July 22, 2016 election would require a majority vote with a quorum of 3,026 voters.

29.     Defendants' own records indicate that only 1,673 members registered to vote in the 2016 Secretarial Election.

30.     Because the registration did not reach the quorum of 3,026 voters pursuant to the requirements of the Tribal Constitution, the Superintendent should not have proceeded with the 2016 Secretarial Election.

31.     Notwithstanding the constitutional deficiency, the Election was held on July 22, 2016.  Defendants' records indicate that of the 1,673 members registered, only 796 ballots were cast.

32.     Instead of the 30 percent quorum of qualifying votes necessary to amend the Tribe's Constitution, only 8 percent of qualifying voters cast a ballot in the 2016 Secretarial Election.

## VOTING REQUIREMENTS OF TRIBAL CONSTITUTION

34.     Article IV of the Constitution and Bylaws of the Three Affiliated Tribes of the Fort Berthold Reservation ("Tribal Constitution"), attached as Exhibit 1, defines those eligible to vote as follows: "Any member of the Three Affiliated Tribes of the Fort Berthold Reservation, who is eighteen (18) years of age and over, shall be eligible to vote at any tribal election."

35.     Article X of the Tribal Constitution states, "This Constitution and Bylaws may be amended by a majority vote of the qualified voters of the tribes voting at an election called for that purpose by the Secretary of the Interior, provided that at least thirty (30) percent of those

entitled to vote shall vote in such election; but no amendment shall become effective until it shall have been approved by the Secretary of the Interior."

## VOTING REQUIREMENTS OF INDIAN REORGANIZATION ACT

36.     The Indian Reorganization Act of 1934, 25 U.S.C. § 478a, provides:

> In any election heretofore or hereafter held under the Act of June 18, 1934 (48 Stat. 984) [25 U.S.C. 461 et seq.], on the question of excluding a reservation from the application of the said Act or on the question of adopting a constitution and bylaws or amendments thereto or on the question of ratifying a charter, the vote of a majority of those actually voting shall be necessary and sufficient to effectuate such exclusion, adoption, or ratification, as the case may be: Provided, however, That in each instance the total vote cast shall not be less than 30 per centum of those entitled to vote.

## VOTING REQUIREMENTS OF 25 CFR PART 81

37.     BIA regulations at 25 CFR Part 81 define Defendant's process for the conduct of Secretarial Elections.

38.     25 CFR § 81.5(d) provides that the Tribe's Constitution controls where there is a conflict between the Tribal Constitution's amendment article and BIA Regulations.

## HUDSON'S CHALLENGE TO THE 2016 SECRETARIAL ELECTION

39.     On July 27, 2016, Plaintiff filed his challenge in a letter, attached as Exhibit 2 ("2016 Challenge Letter), challenging the 2016 Secretarial Election on the basis that the number of votes cast fell short of the Article X requirement in the Constitution that 30 percent of qualified voters actually vote.

40.     On August 3, 2016, Regional Director Tim LaPointe sent Plaintiff a letter, attached as Exhibit 3, ("2016 Decision Letter") rejecting his challenge.  The 2016 Decision Letter informed Plaintiff that the decision was a final agency action.

41.     As outlined above, Plaintiff has exhausted his administrative remedies and all conditions precedent to bringing this action have occurred or been met.

## COUNT I
## (DECLARATORY JUDGMENT – DEFENDANTS VIOLATED TRIBAL CONSTITUTION, INDIAN REORGANIZATION ACT AND BIA REGULATIONS)

42.     The allegations set forth in paragraphs 1 through 41 are hereby incorporated herein as a part hereof.

43.     Defendants' conduct of the 2016 Secretarial Election diminished the value of the votes of Plaintiff and all other qualified voters pursuant to the Indian Reorganization Act of 1934 and the Tribe's Constitution, in violation of BIA regulations at 25 CFR Part 81.

44.     Defendant's conduct intruded on the Tribe's sovereign power to adopt its own governing documents and be ruled by them in violation of Section 16 of the Indian Reorganization Act of 1934, 25 U.S.C. §476, and was therefore arbitrary, capricious and unlawful in violation of the Administrative Procedure Act.

45.     Plaintiff is entitled to an Order declaring that the Defendants' conduct diminished the rights of Plaintiff and other off-reservation voters in violation of the Tribe's Constitution, the Indian Reorganization Act of 1934, BIA regulations and the Administrative Procedure Act.

## COUNT II
## (MANDATORY INJUNCTION – VACATE SECRETARIAL ELECTION)

46.     The allegations set forth in paragraphs 1 through 41 and 43 through 45 are hereby incorporated herein as a part hereof.

47.     Defendants' certification of the 2016 Secretarial Election with less than a 30 percent quorum violated the Tribe's Constitution and Defendants' own regulations at 25 CFR 81.5(d), and was therefore arbitrary, capricious and unlawful in violation of the Administrative Procedure Act.

**48.**     Plaintiff is entitled to an Order that the Defendants set aside their certification of the July 22, 2016 Secretarial Election.

## <u>REQUESTED RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order:

A.     **DECLARING** that Defendants' conduct of the 2016 Secretarial Election diminished the rights of Plaintiff and all other off-reservation voters in violation of the Tribe's Constitution, the Indian Reorganization Act of 1934, BIA regulations and the Administrative Procedure Act; and

B.     **DECLARING** that the BIA must conduct future Secretarial Elections in conformance with the Indian Reorganization Act of 1934 and the Tribe's Constitution, which both require that at least 30 percent of the Tribe's adult membership participate in any amendment to the Tribal Constitution; and

C.     **VACATING** the 2016 Secretarial Election; and

D.     **GRANTING** such further relief as this Court deems just and proper.

//

//

//

//

**DATED** this 29th day of August 2016.

**WASHINGTON, DISTRICT OF COLUMBIA**

**BY COUNSEL**

    /s/                             
Patrick M. Sullivan  (D.C. Bar No. 1018119)
DICKINSON WRIGHT PLLC
1825 Eye Street, N.W. - Suite 900
Washington, D.C.  20006
Telephone: (202) 659-6936
Facsimile: (202) 659-1559
psullivan@dickinsonwright.com

**OF COUNSEL**

Dennis J. Whittlesey (DC Bar No. 053322)
DICKINSON WRIGHT PLLC
1825 Eye St, N.W. - Suite 900
Washington, D.C.  20006
Telephone: (202) 659-6928
Facsimile: (202) 659-1559
dwhittlesey@dickinsonwright.com

DC 67880-1 297653v2